Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3135 | **DATE** | July 23, 2010 |
| **CASE TITLE** | John Johnson (184957) vs. DuPage County Jail Staff, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [7] is granted. The Court assesses an initial partial filing fee of $24.17. The Court authorizes and directs the trust fund officer at Plaintiff's place of confinement to deduct the initial filing fee and to continue making deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the DuPage County Jail. Plaintiff's amended complaint [6] is accepted. The Clerk shall: (1) dismiss the previously-named Defendants that are not named in Plaintiff's amended complaint – Dupage County Jail Staff, Demetri Demopolous, Michael Pawl, Paul Fullerton, and Charles Laver; (2) dismiss Defendants Sergeant Lashero, Detective Harris, Detective Zvoyda, and Detective Osorie; (3) issue summonses as to the remaining named Defendants – Major Knoll and Sheriff Zaruba; (4) attach a Magistrate Judge Consent Form to the summonses for Defendants; and (5) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, John Johnson, a detainee at the DuPage County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On May 28, 2010, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* because it was incomplete and dismissed Plaintiff's complaint without prejudice because it failed to state a claim upon which relief could be granted. Plaintiff has submitted a new motion for leave to proceed *in forma pauperis* and an amended complaint.

Plaintiff's renewed motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $24.17. The supervisor of inmate trust accounts at the DuPage County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The DuPage County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the amended complaint.

Plaintiff alleges that several DuPage County detectives worked with the assistance of another detainee to record telephone conversations with the Plaintiff regarding his alleged attempt to arrange a murder. Subsequently, Sheriff Zaruba had Plaintiff placed in solitary confinement and restricted his phone usage.

| STATEMENT |
|---|

Major Knoll also restricted Plaintiff's ability to attend any religious, social, and educational services. Plaintiff alleges that his placement in solitary confinement/segregation and resulting lack of services was done without due process as he never received any notice of why he was placed in segregation nor any type of hearing.

 Plaintiff identifies several DuPage detectives involved in the tape recorded conversations related to the alleged attempt to arrange a murder as Defendants. However, the Court is unable to discern a claim as to these Defendants based on the allegations in the amended complaint. Accordingly, these Defendants are dismissed because Plaintiff fails to state a claim upon which relief can be granted as to these Defendants.

 Plaintiff has sufficiently pled a claim against Sheriff Zaruba and Major Knoll regarding the alleged lack of due process he has received as to his placement in solitary confinement/segregation. Accordingly, these Defendants must respond to Plaintiff's amended complaint.

 The United States Marshals Service is appointed to serve the remaining named Defendants – Sheriff Zaruba and Major Knoll. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the County of DuPage shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

 Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendant or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.